UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10023-RGS

DEBORAH ENOS

v.

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECUITY

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION FOR AN AWARD
OF ATTORNEY'S FEES

October 15, 2020

STEARNS, D.J.

Deborah Enos was denied disability (SDDI) benefits by the Social Security Administration (Agency).  On December 12, 2018, Enos entered into Contingency Fee Agreement with Jackson & MacNichol to prosecute an appeal of the denial.  Enos agreed "to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents' benefits, *subject to the approval of said fee by the court.*"[1]  Dkt #29-4 (emphasis added).  The firm assigned an associate, Elizabeth Valentine, to represent her.

---

[1] The firm had also represented Enos before the Agency.  The Agreement limited counsel to representing Enos on the appeal and "did not

On January 4, 2019, Valentine entered a notice of appeal on Enos's behalf, and on May 29, 2019, filed a motion in the district court seeking to reverse the Commissioner's decision. Post-haste, on June 27, 2019, the Agency moved for a voluntary remand with an assented-to Motion for Entry of Judgment. The following day, the court allowed the motion and remanded the case to the Agency.[2] On remand, the Agency awarded Enos past due SSDI benefits in the amount of $140,723.60, finding her disabled as of June 30, 2006. Because of the contingency fee agreement, the Agency withheld 25% of the award ($35,180.90) and approved $6,000 in attorney's fees to Valentine for the firm's work on Enos's behalf before the Agency.[3]

The court had previously approved an award of $3,503.02 for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §

---

contemplate" taking on an appeal of an unfavorable decision to the First Circuit Court of Appeals.

[2] The government's decision to agree to judgment dispensed with any need to file the scheduled Reply and Sur-Reply briefs.

[3] Valentine represents that a "letter from the [A]gency submitted herewith as Exhibit 1 confirms payment of a $6,000 fee pursuant to 42 U.S.C. § 406(a)." Pl.'s Mot. for Award of Fees [Dkt # 29] at n.1, 4 ("[t]he [A]gency . . . approved the maximum contingent fee at the administrative level of $6,000, pursuant to 42 U.S.C. § 406(a).").

2412, for Valentine's work on Enos's district court appeal.[4]  Citing 42 U.S.C. § 406(b), Valentine now asks the court to enforce the contingency agreement and award her $29,759.48 (a little less than 25% of Enos's SSDI recovery). According to the fee request, the additional award represents payment for "[a]ll services necessary to appeal to the United States District Court."  Dkt #29-4 at 1.[5]

## DISCUSSION

"The Social Security Act regulates the fees that attorneys may charge claimants seeking Title II benefits for representation both before the Social

---

[4] The EAJA requires that the amount of fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A). Valentine requested compensation for 17.20 hours of attorney time at a rate of $200.35 per hour and .60 hours of paralegal time at a rate of $95 per hour, for a total of $3,503.02. Dkt 25-1.  The $200.35 per hour rate is above the statutory rate of $125 per hour; however, according to an affidavit submitted by the firm, this rate was calculated by factoring cost of living adjustments into the statutory rate.  Jackson Aff. at 5-6 (Dkt # 25-2).

[5] Valentine represents that "[f]rom any award which exceeds the amount previously awarded as EAJA fees of $5,759.48 (awards of $2,702.34 and $3,067.14) in this case, counsel will remit to Ms. Enos the smaller of the [sic] this award or the total of the two EAJA awards."  Pl.'s Mot. for Award of Fees at 6.  Counsel represents that the firm was awarded $6,000 pursuant to § 406(a) for its representation of Enos before the Agency, while this court awarded the firm $3,503.02 for their representation of Enos on the appeal. *See* Dkt #26.  The court is unclear about the bases for the cited awards of $2,702.34 and $3,067.14.

Security Administration and in federal court. For representation in administrative proceedings . . . [i]f a fee agreement exists, fees are capped at the lesser of 25% of past-due benefits or a set dollar amount – currently $6,000. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518 (2019), (citing 42 U.S.C. § 406(a)(2)(A)). The Agency is required to withhold up to 25% of past-due benefits for direct payment of any fee. *Id.,* (citing 42 U.S.C. § 406(a)(1)).

Section § 406(b)(1)(A) of the Act provides, in relevant part, that:

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . . In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that "Congress . . . designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). That said, a court presented with a fee request derived from a contingency agreement must review the request for reasonableness. *Id.* at 809. *Gisbrecht* cautions that the usual lodestar analysis is not the appropriate place to begin a reasonableness review – "[i]nstead, *Gisbrecht* approved 'looking first to the contingent-fee agreement, then testing it for

reasonableness.'" *Ezekiel v. Astrue*, 853 F. Supp. 2d 177, 179 (D. Me. 2012) (quoting *Gisbrecht*, 535 U.S. at 808).

It is clear that Congress and the Court intended to strike a balance between the SSDI applicant and the lawyer representing her, recognizing on one hand that the typical applicant is indigent and has little by way of a bargaining position, while on the other acknowledging that without the prospect of a contingency bonus, most lawyers would be reluctant to represent applicants at the parsimonious statutory rate. "Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall)." *Weed v. Colvin,* 2016 WL 3919849, at \*2 (D. Me. July 15, 2016) (citing *Gisbrecht*, 535 U.S. at 808). *See also Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Many courts and Congress have discussed the need to prevent windfalls for lawyers.").

There is no suggestion that Valentine's conduct was improper or that her representation was substandard. Rather the court looks to the fee

request for any suggestion of a windfall.   As the travel of the case makes clear, it was not heavily litigated.  Valentine filed a barebones one and one-half page Complaint and a somewhat more tailored motion to reverse.  The Agency then conceded the appeal before the court could schedule oral argument.   Given the 17.2 attorney hours expended on the case, a simple mathematical exercise establishes that a contingent fee award of $29,759.48 would yield an hourly billing rate of approximately $1,730, an amount that almost by definition is a "windfall."

In deciding on a reasonable award, I will take guidance from a leading treatise on Social Security claims practice, *see* 4 Soc. Sec. Law & Prac. § 49.63 ("In setting a reasonable attorney's fee, the court attempts to find a balance between the usual hourly attorney's fee rate in non-contingent litigation . . . and counsel['s] . . . chance of receiving no compensation at all if the claimant does not prevail.").  Following this counsel, I believe an appropriate award should begin with the court's original award of fees ($3,503.02).   This amount should then be multiplied by three to provide an incentive bonus. *Cf. Culbertson*, 139 S. Ct. at 523 ("[T]he amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court.").

## ORDER

For the foregoing reasons, counsel is awarded an attorneys' fee for its work on Ms. Enos's appeal in the amount of $10,509.06.  If the Agency has already paid counsel $3,503.02, as previously directed by the court, *see* Dkt #26 ("Accordingly, the court finds that counsel's request for an award of attorney's fees in the amount of $3,503.02 is reasonable. The amount should be made payable directly to Enos's attorney of record, Elizabeth Valentine"), the Agency will pay Ms. Valentine an additional $7,006.04 from the amount withheld and return the balance to Ms. Enos.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE